[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE # 105 AND # 107
The plaintiff, Richard L. Zayas, Esq., filed a ten count revised complaint on April 23, 2002, against the defendants, Nationwide Mutual Insurance Company (Nationwide) and Copart of Connecticut, Inc. (Copart), alleging trespass, recklessness, violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., and intentional and negligent infliction of emotional distress. The complaint is based on the following facts: On July 24, 1998, Reynaldo Oquendo retained the plaintiff to represent him in an insurance claim against Nationwide for damages he sustained when his vehicle was stolen. Nationwide recovered the vehicle, and on November 17, 1998, the plaintiff was contacted and advised by Nationwide that it needed Oquendo's address to deliver the vehicle or the vehicle would be delivered to the plaintiffs office. The plaintiff maintains that Oquendo provided Nationwide with the same information pertaining to his telephone number and address that he provided to the plaintiff. On November 27, 1998, the vehicle was delivered to the parking lot at the plaintiffs business address by Copart.
On May 6, 2002, Copart filed a motion to strike count nine of the revised complaint on the ground that the plaintiff has failed to allege facts sufficient to support a cause of action for intentional infliction of emotional distress. Similarly, on May 16, 2002, Nationwide filed a motion to strike counts two, three and four of the revised complaint for failure to state a claim on which relief can be granted for recklessness, a violation of CUTPA and intentional infliction of emotional distress, respectively. This court granted Nationwide's motion to strike count two for recklessness on June 4, 2002, after oral argument.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint]. . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 12490Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Id., 580. "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259,765 A.2d 505 (2001).
Both Nationwide and Copart filed motions to strike counts four and nine, respectively, for intentional infliction of emotional distress. The defendants argue that the plaintiff has not alleged sufficient facts to support this cause of action. The plaintiff argues that the actions of the defendants were outrageous, intentional and of a criminal nature so as to cause severe emotional distress. "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 210,757 A.2d 1059 (2000). "Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Id., 210-11.
In the present case, the facts do not support a claim against either of the defendants for intentional infliction of emotional distress. More specifically, as a matter of law, the allegations do not demonstrate extreme and outrageous conduct or severe emotional distress as required CT Page 12491 under Connecticut law. Accordingly, the motions to strike counts four and nine are granted.
Nationwide has also filed a motion to strike count three of the revised complaint alleging a violation of CUTPA on the ground that the facts are insufficient to satisfy the elements of the "cigarette rule" as required in Connecticut to support this cause of action. The plaintiff argues that the elements of CUTPA have been pleaded and that he does not need to show a violation of all the elements, but rather, only that certain elements were violated to an extreme degree.
"[In] determining whether a practice violated CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to Consumers [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of [a violation of CUTPA]." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp.,261 Conn. 620, 644, ___ A.2d ___ (2002). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Internal quotation marks omitted.) Gebbie v. Cadle Co., 49 Conn. App. 265, 278-79,714 A.2d 678 (1998).
The federal trade commission concluded that unjustified consumer injury is the primary focus of the act and the most important of the three criteria. Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,592, 657 A.2d 212 (1995). "To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that Consumers themselves could not have reasonably avoided." (Internal quotation marks omitted.) Id. The commission explained that regulation is permissible only if a practice causes unjustified injury that is substantial. Id.
In the present case, the facts alleged by the plaintiff do not support a cause of action for a violation of CUTPA. Although the defendant could have handled the situation in another manner, its conduct, as alleged by CT Page 12492 the plaintiff, does not demonstrate a deceptive trade practice.[1] The actions of the defendant do not rise to the level of immoral or oppressive. Moreover, the plaintiff fails to allege how the defendant's conduct violates public policy. Although the plaintiff points to General Statutes § 31-293, the plaintiff fails to demonstrate how that statute is even applicable to the present set of facts. Furthermore, the allegations fail to support a showing of substantial injury to the plaintiff as a consumer. Accordingly, the motion to strike count three of the revised complaint is also granted.